IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Everett R. Fortier,<br><br>                        Petitioner,<br><br>v.<br><br>Michael C. Fortier,<br><br>                        Respondent. | C/A No. 6:25-cv-9220-JFA-KFM<br><br><br><br>**ORDER** |

This action was filed by Everett R. Fortier, or someone claiming to be him, on a 28 U.S.C. § 2241 form. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the petition, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation[1] ("Report"). (ECF No. 5). Within the Report, the Magistrate Judge opines that this action is subject to summary dismissal as frivolous.[2] *Id.* The Report sets forth, in detail, the relevant facts and standards

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

[2] This court possesses the inherent authority to review the *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the pleading is not subject to the pre-screening provisions of 28 U.S.C. § 1915. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) (finding that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." (citations omitted)).

of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on August 7, 2025. *Id.* On August 25, 2025, the court received a letter from Everett Fortier in which he avers that he did not file this petition and does not understand its contents. (ECF No. 8). He further avers that the petition may have originated from his mother from whom he is estranged. He asks this court to "completely wipe my name from it." *Id.* The court has received no other response or objection to the Report and the time for doing so has elapsed.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Petitioner has failed to raise any objections[3] and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that the petition is subject to summary dismissal for frivolity.

---

[3] The court does not construe the letter from Everett Fortier as an objection to the Report. (ECF No. 8). If anything, this letter expresses consent to dismissal.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 5). Consequently, this action is summarily dismissed without prejudice.

IT IS SO ORDERED.

September 8, 2025  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge